# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

United States of America,

        Plaintiff,

v.                                                                   Case No. 10-cr-117-BB

William A. Yelton,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Defendant's motion to revoke the detention order entered against him by the Magistrate Judge Cleary. The Court has held a hearing and reviewed the submissions of the parties and the relevant law. At the hearing the Court orally denied Defendant's motion; this opinion and order reduce the Court's decision to writing.

**Standard of Review**

The Magistrate Judge ordered Defendant detained pending trial under the authority of 18 U.S.C. § 3142. This Court is required to review that decision *de novo* and make an independent determination concerning pretrial detention or conditions of release. *See United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). In performing that *de novo* review, the Court is not required to hold a new evidentiary hearing but has the discretion to rely on the record developed at the hearing held by the Magistrate Judge. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Hensler*, 1994 WL 83436 (5th Cir. unpublished). In this case, the Court has reviewed the transcript of the detention hearing as well as the exhibits submitted at that hearing and by Defendant, and has heard argument of the parties at a non-evidentiary hearing. At this point no justification for a new evidentiary hearing has been offered by Defendant; however, the Court has

agreed to consider testimony from two witnesses if Defendant is able to produce the witnesses for such a hearing.

In making a determination on the detention issue the Court must consider the following factors: (1) the nature and circumstances of the offenses charged against Defendant; (2) the weight of the evidence concerning those charges; (3) Defendant's personal history and characteristics; and (4) the nature and seriousness of the danger to any person and the community that would be posed if Defendant is released. *See Cisneros*, 328 F.3d at 618; 18 U.S.C. § 3142(g). The Court will discuss these factors below.

**Discussion**

The offenses charged against Defendant are serious, although not as serious as those facing co-Defendant Henderson. Defendant is charged with seven offenses, consisting of charges that he suborned perjury, conducted illegal searches and seizures, and tampered with potential witnesses. [Doc. 2, counts 14, 15, 41, 42, 44, 59, 60] What makes these offenses serious is the fact that they directly implicate the impartiality of the justice system in this country, potentially causing citizens to lose faith in the rule of law.

As to the second factor, the weight of the evidence supporting the charges, the Government has not attempted to provide evidence supporting the illegal-search-and-seizure charges. However, the Government provided information concerning the evidence that will presumably be presented at trial as to the other charges. That information shows there is ample testimony, should it be believed by the jury, to convict Defendant of those charges.

The third factor, Defendant's personal history and characteristics, weighs in Defendant's favor. The testimony at the detention hearing established that he has solid ties to the local community, strong family support, no prior criminal history, and little motivation to flee the area.

It was for this reason that the Magistrate Judge decided a risk of flight is not an issue in this case. The Court agrees with that assessment after its *de novo* review of the evidence.

The final factor was the basis for the Magistrate Judge's decision concerning detention, and it is also this Court's primary ground for reaching the same result. The danger to individuals or the community that would be posed if Defendant is released is the substantial risk that Defendant will engage in obstruction of justice or attempt to tamper with witnesses. The evidence presented at the detention hearing established that Defendant has threatened violence to individuals who might consider informing on him, has obtained perjured testimony from at least one witness, and has gone to extraordinary lengths to attempt to intimidate or harm potential witnesses in this case.[1]

Specifically, Brandon McFadden, a former ATF agent who has been convicted and is cooperating with federal investigators, told those investigators that Defendant threatened him with violence on two occasions. These threats were directed at preventing McFadden from becoming a "snitch" and intimidating him into "laying low" and keeping his mouth shut, and on the second occasion included the display of a handgun.[2]

In addition to the threats made against McFadden, testimony at the detention hearing revealed Defendant's involvement in threats of violence against another individuals possessing information that could harm Defendant. Waylon Dumas, an informant for Defendant, told investigators that at one point he was riding in a vehicle with Defendant and co-Defendant Henderson, when co-

---

[1]The Court recognizes Defendant's arguments that this evidence is unreliable. The Court also assumes, for purposes of this motion, that Defendant will at trial be able to present evidence contradicting the evidence presented at the detention hearing. At this point, however, the evidence stands uncontradicted and is corroborated by the pattern of behavior exhibited with several individuals rather than just one.

[2]The Magistrate Judge's statement of reasons for the detention order provide more detail concerning the circumstances surrounding these threats. The Court sees no need to repeat that detail in this opinion.

Defendant Henderson pulled out his firearm, turned around and placed the gun over the car seat, and told Dumas, "If you ever fuck us over, we will kill you."

There was extensive testimony at the detention hearing concerning Rochelle Martin, an informant who provided false testimony in federal proceedings at the instigation of both Defendant and co-Defendant. Ms. Martin was induced to testify that she was the confidential informant referred to in a search-warrant affidavit that had been used to obtain a warrant. Defendant and co-Defendant coached her in what testimony to provide and how to provide it. Later, after Ms. Martin received a grand-jury subpoena in this case, Defendant drove co-Defendant Henderson to Ms. Martin's house and co-Defendant made what could be construed as an emotional plea not to put him in prison.

Perhaps most troubling to the Court is the incident that occurred on May 17, 2010 at the Tulsa correction facility. Defendant visited the facility and asked to speak to an inmate named Durrell Collins. According to Collins, Defendant asked whether another inmate named Waylon Dumas (the informant mentioned above) was in the same pod as Collins. When Collins confirmed that he was, Defendant stated that Dumas was talking to the feds, and added words to the effect that Collins should "kick his ass" or that it would be nice if Dumas was not around. The fact that Defendant visited with Collins is apparently confirmed by video surveillance cameras and a sign-in sheet at the facility; the contents of his conversation with Collins are based solely on Collins' version of the events, given at the time to a jail sergeant and shortly thereafter to federal investigators.

In sum, there is evidence that Defendant has not hesitated to use threats of physical violence to intimidate people in an attempt to keep them quiet. He has also not shown any compunction against tampering with the judicial process by obtaining falsified testimony. This type of activity has continued as late as May of this year. For this reason, the Court finds by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure that

Defendant will not attempt to tamper with witnesses or obstruct justice.[3] Thus, Defendant's continued detention is warranted.

**ORDER**

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendant's motion to revoke the detention order entered in this case be, and hereby is, DENIED.

Dated this 12th day of August, 2010.

                                        */s/ Bruce D. Black*
                                        BRUCE D. BLACK
                                        United States District Judge
                                        Sitting by Designation

---

[3] In reaching this determination, the Court has considered Defendant's suggestions for alternative conditions, such as surrendering his firearms and telephone and subjecting himself to an ankle bracelet or home confinement. The Court finds these measures are inadequate, as they are too easily circumvented.