IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                       No. CR 10-117 BDB

JEFF M. HENDERSON and
WILLIAM A. YELTON,

        Defendants.


### MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court for consideration of a motion filed by Defendant Henderson requesting dismissal of Count 61 (Doc. 145). The Court held a hearing on this motion and other motions on February 7, 2011. Based on the arguments contained in the parties' briefs, the arguments and testimony provided at the February 7 hearing, and a supplemental submission by the United States, the motion will be denied.

      Defendant maintains no evidence was presented to the grand jury that would support a charge of attempted bribery, which is the offense charged in Count 61. Defendant acknowledges that ordinarily, an indictment cannot be challenged on the basis that there was inadequate evidence presented to the grand jury to support a charge. *See United States v. Williams*, 504 U.S. 36, 54 (1992); *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). Instead, the proper inquiry is only "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Todd*. In an attempt to evade the impact of this rule, Defendant presents his claim as one of prosecutorial misconduct, maintaining the presentation of evidence to the grand jury was incomplete and misleading. Defendant does not suggest that the

prosecutors acted with malice or engaged in deliberate misconduct, but in effect argues that if no evidence supporting a charge is presented to the grand jury, prosecutorial misconduct should be found as a matter of law.

The Court, while aware of the principle that an indictment may not be challenged on the basis of a lack of evidence, became concerned at the February 7 hearing as to just what evidence might support the bribery charge in this case. Accordingly, the Court asked the United States to submit additional evidence, if such evidence was in the possession of the United States, for the Court's consideration. The United States has done so, in its supplemental submission.[1] It is not necessary to engage in a detailed review of that evidence in this opinion. Furthermore, it is not necessary at this time to determine whether the evidence would be sufficient to support a conviction on the bribery count. Instead, the Court simply finds that the evidence possessed by the United States provided a good-faith basis for the United States to pursue the bribery charge, thus negating any argument that prosecutorial misconduct occurred in this matter.

The Court notes Defendant's alternative request that his motion be considered a request for a bill of particulars concerning Count 61. This request appears to be moot, now that the United States has filed its supplemental submission. The United States has gone above and beyond what it is required to do, by specifying evidence that supports the charge. This should be sufficient to satisfy Defendant's request.

In addition, out of an abundance of caution the Court will briefly discuss an issue that does not appear to have been argued by the parties, but which appears in Tenth Circuit case law. In *United States v. Todd, supra*, the Tenth Circuit recognized an exception to the rule that an indictment may not be challenged on the basis of the evidence, or lack thereof, presented to the

---

[1] The Court recognizes that legal authority supporting its request is murky at best, and that the United States could have chosen to resist the request and litigate the issue. The Court appreciates the cooperation the United States has shown by complying with the request.

grand jury. That exception occurs if the underlying facts are undisputed and those uncontested facts cannot support the charge, as a matter of law. The exception does not apply to this case because the relevant facts are very much in dispute. Factual issues exist concerning the extent of Defendant's involvement in the attempts to have Mr. McFadden fire his attorney and retain the attorney recommended by Defendant or his investigator, Eric Cullen. Factual issues also exist concerning Defendant's motivation, if he had any, for attempting to convince McFadden to switch attorneys and accept free representation from Defendant's preferred attorney. In fact, factual issues exist as to whether Defendant had a preferred attorney at all, and whether that attorney would have been willing to provide free representation to McFadden at Defendant's behest. Under these circumstances, the usual rule applies – a charge contained in an indictment cannot be challenged on the ground that insufficient evidence supporting that charge was presented to the grand jury.

## ORDER

Based on the foregoing Memorandum Opinion, it is ORDERED that Defendant's motion to dismiss Count 61 (Doc. 145) be, and hereby is, DENIED.

DATED this 21st day of March, 2011.

_____
BRUCE D. BLACK
Chief Judge
Sitting by Designation