IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

_____

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    No. CR 10-117 BDB

JEFF M. HENDERSON and
WILLIAM A. YELTON,

Defendant.


MEMORANDUM OPINION
AND
ORDER ON UNINDICTED CO-CONSPIRATORS


THIS MATTER is before the Court on *Non-Party Frank Khalil's Request for the Court to Investigate Prosecutorial Misconduct ...* [Doc. 195] and the virtually identical *Non-Party Shawn Hickey's Request for the Court to Investigate Prosecutorial Misconduct ...* [Doc. 198]. For the reasons stated herein, the motions are Denied but may be renewed at the completion of this case.

### *Discussion*

Shawn Hickey is a Detective with the Tulsa Police Department in the Special Investigation Division Gang Unit. Frank Khalil is a Detective with the Tulsa Police Department, Special Investigations Division. On Thursday, March 24, 2011, Special Assistant U.S. Attorneys Jane Duke, Patrick Harris, and Patricia Harris filed a

memorandum regarding Defendants' motion for a *James*[1] hearing [Doc. 192].  The Government's memorandum disclosed the identity of Hickey and Khalil as unindicted co-conspirators.  Both Hickey and Khalil maintain this disclosure violates FEDERAL RULE OF CIVIL PROCEDURE 6(e) as well as their rights to due process under the Fifth Amendment and to indictment by grand jury under the Sixth Amendment.

Decades ago the eminent jurist Learned Hand referred to conspiracy as "[the] darling of the modern prosecutor's nursery." *Harrison v. United States*, 7 F.2d 259, 263 (2d Cir. 1925).  The validity of that observation has not diminished.  *See, e.g., United States v. Stoner*, 98 F.3d 527, 533 (10th Cir. 1996) ("It is clear that a conspiracy charge gives the prosecution certain unique advantages and that one who must defend against such a charge bears a particularly heavy burden.").  Indeed, under the FEDERAL RULES OF EVIDENCE a conspiracy now often allows the government to hurdle the barrier of the hearsay rule with persuasive testimony from a co-conspirator.  *United States v. Owens*, 70 F.3d 1118, 1125 (10th Cir. 1995).  RULE 801(d)(2)(E) excludes from the definition of hearsay "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy."  The government thus has a substantial interest in identifying any conspirators -- indicted or not – if they made statements which may be offered at trial under RULE 801(d)(2)(E).  *United States v. Anderson*, 55 F. Supp. 2d 1163, 1169 (D. Kan. 1999).  Conversely, unindicted co-conspirators have a

---

[1]     *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (*en banc*).

constitutionally recognized right to protect their reputations and employment opportunities. Ira P. Robbins, *Guilty Without Charge: Assessing the Due Process Rights of Unindicted Co-Conspirators*, 2004 Fed. Cts. L. Rev. 1 (2004); *cf gentile v. Nevada*, 501 U.S. 1030, 1043 (1991) (noting the potentially negative collateral consequences of an indictment).

The issue now before this Court, then, requires a balance "between society's interests in bringing those guilty of violating the law to justice and an individual's interest in preserving his personal reputation." *In re Smith*, 656 F.2d 1101, 1102 (5th Cir. 1981). Traditionally, both the courts[2] and federal prosecutors[3] have been reluctant to encourage grand juries to name unindicted co-conspirators, but as the balancing requirement implies, it is justified and appropriate in limited situations. *See United States v. Ladd*, 218 F.3d 701, 704 (7th Cir. 2000); *United States v. International Harvester Co.*, 720 F.2d 418, 419 (5th Cir. 1983). One such situation arises when the court has had the opportunity to review the level of the involvement of the unindicted co-conspirators in criminal activity. *Ladd, supra* at 706; *International Harvester, supra* at 420; *United States v. Holy Land Found. for Relief & Development*, 624 F.3d 685, 692 (5th Cir. 2010).

---

[2]     *In re Smith, supra; United States v. Anderson, supra; United States v. Chadwick*, 556 F.2d 450 (9th Cir. 1977); *United States v. Briggs*, 514 F.2d 794, 803 (5th Cir. 1975); *but cf. Nixon v. United States*, 417 U.S. 960 (1974) (noting the grand jury voted 19-0 to permit the special prosecutor to name President Nixon as an "unindicted co-conspirator").

[3]     Department of Justice, United States Attorneys Manual 9-27.760

At this stage of the present proceedings, the Court has only made a finding under FEDERAL RULE OF EVIDENCE 104(b) that preponderance of the evidence indicates that Petitioners Khalil and Hickey were involved in a conspiracy with Defendant Henderson.  After all the evidence is submitted, if the Court finds the Government has submitted sufficient evidence to satisfy each of the requirements of RULE 801(d)(2)(E) at a preponderance level sufficient to satisfy RULE 104(a), public disclosure of the involvement of Khalil and Hickey may not be inappropriate.  If the potential hearsay is admitted into evidence, the Court will be better able to evaluate the culpability of Petitioners, if any, and better able to structure an appropriate remedy.  *See Holy Land Found., supra* at 693-94; *Anderson, supra* at 1170.  Petitioners will thus be allowed to renew their motions following the conclusion of the case.

## O R D E R

For the above stated reasons, Petitioners' motions are, for the present, DENIED.

Dated this 13th day of April, 2011.

_____
BRUCE D. BLACK
Chief Judge
Sitting by Designation